## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY MURPHY | : | |
| 1435 E. Oxford Street | : | |
| Philadelphia, PA 19125 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: |
| v. | : | |
| | : | |
| ELECTRONIC ENVIRONMENTS | : | |
| CO. LLC | : | **JURY TRIAL DEMANDED** |
| 354 Dunksferry Road | : | |
| Bensalem, PA 19020 | : | |
| and | : | |
| ELECTRONIC ENVIRONMENTS | : | |
| CORPORATION | : | |
| 410 Forest Street | : | |
| Marlborough, MA 01752 | : | |
| and | : | |
| NTT FACILITIES INC. | : | |
| 354 Dunksferry Road | : | |
| Bensalem, PA 19020 | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Tiffany Murphy (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Plaintiff against Defendants for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq*.), and the Pennsylvania Human

Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the FMLA, and ADA. This Court may also assert supplemental jurisdiction over Plaintiff's state law claims (when amended), as they arise out of the same facts as her federal law claims.

3.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA and ADEA.

administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption

8.      Defendant Electronic Environments Corp./Electronic Environments Company, and NTT Facilities Inc. all collectively provide data center consulting and assessment services, and operate out of locations in Bensalem, PA we well as Marlboro, MA – among other locations including overseas.

9.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10.     Upon information and belief, Defendant NTT Facilities Inc. acquired Defendant Electronic Environments Companies in Bensalem, PA and Marlboro, MA, instituting its own advertising methods, requiring the companies to hold themselves out as NTT Facilities, and interposing its own management and Board Members for decision making powers upon Defendant Electronic Environments Companies in Bensalem, PA and Marlboro, MA.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff was employed with Defendants for approximately 5.5 years.

14.     Plaintiff's most recent position with Defendants was as a Service Account Coordinator/Customer Care Representative, who handled both local and national accounts.

15.     During my employment she was a dedicated and hard-working employee, who performed her job well.

16.     In fact, in or about February of 2017, she was given a promotion and Defendants gave her a new national account (T-Mobile).

17.     Once promoted, Plaintiff received numerous commendations as to how well she was handling this particular account.

18.     On or about April 26, 2017, Plaintiff was involved in a motor vehicle accident and was treated in the emergency room; thereafter her physicians placed her out of work through May 1, 2017.

19.     Following the accident, and in line with her doctor's recommendations, Plaintiff requested from Defendants either a brief medical leave of absence or the ability to work from home for a short period of time.

20.     Defendants opted to have Plaintiff work from home (in lieu of having her miss any time from work). Therefore, Plaintiff took one (1) sick day (on the day of her accident) and she worked from home for a brief period of time.

21.     After working from home, she returned to the office and worked in the office until her termination on or about May 23, 2017, discussed further *infra*.

22.     As a result of the accident, Plaintiff began to suffer from serious health conditions related to her knee, back (including herniated discs) and neck (which conditions also qualified as disabilities under the ADA, as they substantially limit her ability, at times, to work, perform manual tasks, walk, stand or sit for long periods of time).

23.     As a result of her aforementioned disabilities, Plaintiff was required to undergo physical therapy and wear a neck and back brace.

24.     Following the accident, she provided several members of management medical documentation regarding the aforesaid health conditions, including but not limited to Todd Civin (Customer Care Supervisor), Charles Levey (former Director of Customer Care/Current Director of Eastern Operations), and Kari-Ann Godberson (HR Director).

25.     At one point, Ms. Godberson informed Plaintiff that she just needed to send medical documentation to her (as opposed to other members of management). Therefore, throughout the remainder of Plaintiff's employment with Defendants, she continued to provide Ms. Godberson with doctor's notes regarding her stated disabilities and progress.

26.     Plaintiff also requested intermittent time off to attend doctor's appointments related to her health conditions (as she continued to have follow up and specialist(s) appointments as well as ongoing therapy).

27.     Shortly before Plaintiff was informed that Defendants had terminated her employment, she apprised Defendants' management that she was going to undergo a series of MRIs which would determine what type of surgery she would need and how long she would need to be out of work.

28.     Thereafter, Ms. Godberson asked Plaintiff what would be the worst-case scenario [for the surgery and recovery] and Plaintiff told her that she may need 10-12 weeks of recovery if her doctor chose one particular surgery over another.

29.     The day of Plaintiff's termination, management held a conference call to obtain all information pertaining to Plaintiff's handling of her national account (presumably to ensure they had all knowledge that Plaintiff had as they knew they were going to let her go), and during said meeting stated "now that we know [Plaintiff's] injuries are more than we expected, we need to prepare."

30.     On or about May 23, 2017, Plaintiff was informed by Defendants' management, including but not limited to Ms. Godberson, Mr. Civin, Arnold Colon (Service Operations Manager/Acting Regional Manager), and Mike Farber (National Accounts Operations Manager) that she was being terminated from her employment because they were transferring the new national account – which they had just given to Plaintiff in February in connection with a promotion – to Massachusetts.

31.     Defendants further led Plaintiff to believe that her job duties were being eliminated.

32.     However, the bases asserted for her termination are completely pretextual for numerous reasons, including but not limited to:

(1) she was just given the national T-Mobile account in February 2017, before she began to suffer from the above-stated health conditions and she had received praise about how well she was handling said account;

(2) Defendants were already short staffed and she was assigned other accounts *besides T-Mobile* and as a result of the work load and short staffing, Plaintiff was working significant hours;

(3) when she asked what was going to happen to her other more local accounts, she was told "don't worry about those accounts, you just focus on getting better;"

(4) Plaintiff was offered a severance agreement in exchange for a release of any claims she had/may have against Defendants – which she did not sign and which upon information and belief is not customarily offered to other employees upon involuntary separation[2];

---

[2] *Bartlett v. NIBCO Inc., 2011 U.S. Dist. LEXIS 28072* (N.D. Ind. 2011) ("Severance pay packages contingent upon a release of claims which are offered contemporaneously with the notice of termination are not covered by [Rule 408]," and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case). *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342-43 (9th Cir. 1987)(Citing 4th, 5th, 8th Circuit Courts of Appeals allowing for severance admissibility at trial) and cited by the 3d Circuit with approval in *Seasonvein v. First Montauk Sec. Corp.*, 324 F. App'x 160, 162 (3d Cir. 2009) (wherein the Third Circuit explained that the district court properly allowed severance agreement to be presented at trial)."This is no doubt because the protections of Rule 408 were designed to encourage the compromise and settlement of existing disputes ... Where, as here, the employer tries to condition severance pay upon the release of potential claims, the policy behind Rule 408 does not come into play. Rule 408 should not be used to bar relevant evidence concerning the circumstances of the termination itself simply because one party calls its communication with the other party a settlement offer ... Thus, courts have observed that while an attempt to mitigate the harshness of a decision to terminate an employee may be commendable, courts should not allow employers to take advantage of a superior bargaining position or by overreaching." *Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 (E.D. Pa. 2013) (denying summary judgment and **finding along with other evidence that an offer of severance compensation when not required by company policy asserting a performance or misconduct-based termination in exchange for a waiver of discrimination claims was evidence of pretext**). *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011) (severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408). *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009) (denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that does not warrant severance per an explicit company policy).

(5) Plaintiff was the only individual in her department whose job was allegedly being eliminated; and

(6) upon information and belief, Defendants have been advertising for her position since my termination (both in Massachusetts where the T-Mobile account was allegedly being assigned and locally in Bensalem, PA, where she worked out of);

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate; [4] Hostile Work Environment)**
**-Against Both Defendants-**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected her ability (at times) to perform some daily life activities, as described *supra*.

35.     Plaintiff requested reasonable accommodations from Defendants, including but not limited to intermittent time off from work to care for and treat for her health conditions, as well as the ability to work from home.

36.     Defendants moved to terminate Plaintiff upon notice of and before she could avail herself of any type of FMLA or other protected leave for upcoming surgery.

37.     Defendants were unnecessarily scrutinizing Plaintiff about her medical conditions including, but not limited to asking to see what prescriptions she was taking.

38.     Plaintiff believes and therefore avers that Defendants ultimately terminated her employment because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendants' failure to accommodate her disabilities.

39. These actions as aforesaid constitute violations of the ADAAA.

**Second Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**
**-Against Both Defendants-**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

42. Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

43. Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

44. Defendants are engaged in an industry affecting commerce and upon information and belief employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

45. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

46. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; and (3) terminating Plaintiff to prevent her from taking further FMLA-qualifying leave in the future.

47. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B. Plaintiff is to be awarded actual damages, as well as damages for the pain and suffering, and humiliation caused by Defendants' actions (as permitted by applicable law);

C. Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 25, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
| --- | --- | --- |
| TIFFANY MURPHY | : | CIVIL ACTION |
| v. | : | |
| ELECTRONIC ENVIRONMENTS CO. LLC, ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
| --- | --- | --- |
| 10/25/2017 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1435 E. Oxford Street, Philadelphia, PA 19125

Address of Defendant: 354 Dunksferry Road, Bensalem, PA 19020; 410 Forest Street, Marlborough, MA 01752

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐ No☒

Does this case involve multidistrict litigation possibilities?      Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 10/25/2017 _____ ARK2484
Attorney-at-Law      Attorney I.D.# 91538
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/25/2017 _____ ARK2484
Attorney-at-Law      Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MURPHY, TIFFANY

**DEFENDANTS**

ELECTRONIC ENVIRONMENTS CO. LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1  U.S. Government Plaintiff | X 3  Federal Question *(U.S. Government Not a Party)* | |
| 2  U.S. Government Defendant | 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>X 445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | 710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | 861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | 896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer |  8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA 42USC12101; FMLA 29USC2601

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

 CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                                    DOCKET NUMBER

DATE
10/25/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                APPLYING IFP                    JUDGE                MAG. JUDGE

Print          Save As...                                                          Reset